# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:10cv550

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the May 1, 2010, Mayweather/Mosley Broadcast, ) ) ) ) **Plaintiff,** ) ) Vs. ) ) BENNY KAY CROCKETT, Individually, ) d/b/a NEW R B LOUNGE, a/k/a ) R & B LOUNGE, ) ) **Defendant.** ) _____ ) | **DEFAULT JUDGMENT** |

**THIS MATTER** is before the court on plaintiff's Motion for Default Judgment. Review of the court's docket reveals that the Summons and Complaint in this action were duly served upon defendant BENNY KAY CROCKETT, Individually, d/b/a NEW R B LOUNGE, a/k/a R & B LOUNGE, on February 5, 2011, that such defendant failed to plead or otherwise appear in this action, and that the Clerk of this Court properly entered Default on May 24, 2011. Further review of the instant motion reveals that the default judgment sought is for a sum determinable from the pleadings filed with the court and, in particular, the pleadings filed in support of the Motion for Default Judgment. Further, the court finds that the fees and costs sought are allowable as a matter of law and are reasonable in light of the affidavit of counsel as they are well within the range of prevailing, reasonable professional rates charged within the Western District of North Carolina by federal practitioners. Thus, pursuant to Rule 54(b),Federal Rules of Civil Procedure, there is no just reason for delay in this Default Judgment as the interest of justice require the issuance of judgment as requested without further delay,

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that plaintiff's Motion for Default Judgment (#13) is **ALLOWED,** and **DEFAULT JUDGMENT** is entered as follows:

that **J & J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the May 1, 2010, Mayweather/Mosley Broadcast,** J&J Sports Productions, Inc., recover of **BENNY KAY CROCKETT, Individually, d/b/a NEW R B LOUNGE, a/k/a R & B LOUNGE**,

(1) $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);
(2) $30,000.00 pursuant to 47 U.S.C. §605(e)(3)(C)(ii), for Defendant's willful violation of 47 U.S.C. § 605(a); and
(3) $2,173.25 as costs and attorney fees pursuant to 47 U.S.C. §605(e)(3)(B)(iii),

for a total award of $42,173.25.

Signed: June 3, 2011

Max O. Cogburn Jr.
United States District Judge